OPINION
{¶ 1} The defendant-appellant, Gloria K. Hawk ("Gloria"), appeals from the judgment of the Family Division of the Marion County Common Pleas Court finding her in contempt for failure to hold harmless her former husband, Plaintiff-Appellee Darold R. Hawk ("Darold"), on a marital debt in accordance with a final divorce decree.
 {¶ 2} On February 1, 1995, Darold and Gloria received their final divorce decree, which ordered Gloria to hold Darold harmless from the payment of a marital debt of $35,097.00 to Darold's mother, Muriel Hawk ("Muriel"), who was not a party to the divorce action. The debt was considered marital although it apparently arose from a series of unsecured and undocumented advances of money to Darold. Despite the language of the magistrate's recommendation[1] and the subsequent judgment entry,[2] the legal effect is to apportion the parties' marital debts among them and not to create any right of repayment in third parties, such as Muriel. Accordingly, the legal effect of the divorce decree is not to create a new debt between Gloria and Muriel, nor does it require Gloria to pay the debt as the only means of compliance. Rather, Gloria is required to hold Darold harmless. Thus, she might hold him harmless by paying the debt, settling the debt, or defending a lawsuit on the debt.
 {¶ 3} In June 1996, Muriel filed a civil suit against Gloria to collect the $35,097.00 debt but failed to join Darold as a party. The trial court received evidence, principally, Darold's testimony, and found no debt owed by Gloria individually. The trial court dismissed the case on its merits, noting, but not holding, as a basis for its decision that the debt claimed was long since time barred. At this point, Darold had suffered no harm.
 {¶ 4} Years later, in September 2001, Muriel filed a civil complaint against Darold. Gloria was neither joined as a party nor notified of the action so she could hold Darold harmless as provided in the divorce decree. In his answer, Darold admitted all of the allegations made in Muriel's complaint and, in essence, confessed judgment for $35,097.00 plus interest. The trial court entered judgment on the pleadings, and two weeks prior to Muriel's death, Darold paid the debt to her. Darold later inherited approximately $28,000.00 as Muriel's sole heir.
 {¶ 5} Thereafter, Darold brought this proceeding against Gloria on a motion for contempt alleging her failure to comply with the divorce decree. The domestic relations court entered judgment on the motion, found Gloria to be in contempt, and established the terms by which the contempt could be purged or punished. This appeal followed with the following assignments of error:
The Trial Court err [sic] when it found that Appellee had standing toassert a claim for contempt.
 The Trial Court erred when it found Appellee had clean hands sufficientto grant him an exercise of the court's equitable jurisdiction.
 The Trial Court erred when it made a de facto alteration in theproperty settlement between the parties without jurisdiction to do so.
 The Trial Court erred when it found Appellant in contempt eventhough compliance with the Court's order was impossible.
 The Trial Court erred when it found that Appellee's delay in bringingthe contempt action was reasonable.
 The Trial Court erred when it awarded $35,000.00 to the Appellee whenhe was only damaged by Appellant's failure to pay to a much lesserextent.
 The Trial Court erred when it failed to specify the standard of proofit used in finding Appellant in contempt.
 {¶ 6} In Gloria's first assignment of error, she argues that Darold did not have standing to bring the contempt motion as he has suffered no injury in consequence of her failure to hold him harmless from the obligation to pay the debt to Muriel. We agree.
 {¶ 7} To have standing, "a party must demonstrate an injury in fact,
which requires a showing that the party has suffered or will suffer a specific injury traceable to the challenged action and that this injury is likely to be redressed if the court invalidates the action or inaction."State v. Yirga, 3rd Dist. No. 16-01-24, 2002-Ohio-2832, at ¶ 38 (citations omitted) (emphasis in original). As noted, Gloria was found to owe no debt to Muriel independent of the divorce decree. Darold paid a judgment against him and in favor of Muriel without affording Gloria the right and opportunity to defend and hold him harmless as she was obligated to do under the terms of the divorce decree. Darold obviously volunteered for his own injury by precluding Gloria from fulfilling her duty, and for the breach thereof, she has been held in contempt. Because Darold has suffered no injury in consequence of contemptuous action by Gloria, he has no standing to complain or prosecute his motion for contempt. The judgment entered on the motion for contempt was entered in error. Gloria's first assignment of error is sustained.
 {¶ 8} Having sustained Appellant's first assignment of error, the remaining assignments of error are moot. The judgment of the Family Division of the Marion County Common Pleas Court is reversed. The sentence imposed upon Appellant Gloria for contempt is vacated and this cause is remanded for collection of costs for which judgment is granted.
Judgment reversed, vacated and cause remanded.
 Cupp, P.J., and Shaw, J., concurs.
[1] "there is also a debt to Muriel Hawk, a mother of the Plaintiff. . . . The Defendant should be ordered to pay the debt and hold the Plaintiff harmless on the same."
[2] "12. The Defendant shall pay the following debts holding the Plaintiff harmless thereon: . . . Muriel Hawk."